UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ELIZABETH A. SHADLE, :
:
    Plaintiff : Civil Action No. 4:11-CV-657
:
v. : (Judge Nealon)
:
MICHAEL ASTRUE, :
COMMISSIONER OF SOCIAL :
SOCIAL SECURITY, :
:
    Defendant :

FILED
SCRANTON
OCT 04 2011

## MEMORANDUM and ORDER

The above-captioned action is an appeal pursuant to 42 U.S.C. § 405(g) of a decision of the Commissioner of the Social Security finding that there was no basis to review the decision of the administrative law judge which dismissed Plaintiff Elizabeth Shadle's request for a hearing on her application for disability insurance benefits. However, the administrative law judge did issue a fully favorable decision with respect to Shadle's application for supplemental security income benefits.

Shadle filed her complaint in this court on April 8, 2011. On June 13, 2011, the Commissioner filed a motion (Doc. 6) to dismiss Shadle's complaint. The motion has been fully briefed and is ripe for disposition. For the reasons set forth below, we will defer ruling on the Commissioner's motion to dismiss until the complete administrative record is filed.

On October 28, 2008, Plaintiff Elizabeth Shadle filed an application for disability insurance benefits and an application for supplemental security income benefits. Shadle alleged that she was disabled because of an injury to her ankle and the constant pain associated with that injury.

Disability insurance benefits are paid to an individual if that individual is disabled and "insured," that is, the individual has worked long enough and paid social security taxes. The last date that a claimant meets the requirements of being insured is commonly referred to as the "date last insured." It is undisputed that Shadle met the insured status requirements of the Social Security Act through March 31, 2008.

Supplemental security income is a federal income supplement program funded by general tax revenues (not social security taxes). It is designed to help aged, blind or other disabled individuals who have little or no income. Insured status is irrelevant in determining a claimant's eligibility for supplemental security income benefits. However, there are other eligibility requirements relating to an applicant's financial situation which must be met.

Shadle alleged that she became disabled on December 5, 2007 (hereinafter referred to as the alleged disability onset date). After Shadle's applications for disability insurance benefits and supplemental security income benefits were denied initially by the Bureau of Disability Determination,[1] Shadle requested a hearing before an administrative law judge. The administrative hearing was held on April 16, 2010. At that hearing, it appears from the parties' briefs and attachments thereto that there may have been some discussion regarding Shadle amending her alleged disability onset date to April 4, 2009. Shadle refused to amend the alleged disability onset date. Such an amendment would have eliminated Shadle's eligibility for disability insurance benefits because the proposed amended alleged disability onset date was after the date last insured. The elimination of Shadle's claim for disability insurance benefits would have resulted in the administrative law judge only having to consider Shadle's claim for supplemental security income benefits. A fully favorable decision with respect to supplemental security income benefits, however, would not have guaranteed that Shadle would receive some amount of benefits because supplemental security income is a needs-based program and an applicant may not receive such benefits if an applicant's spouse's income is above a certain level.

After the administrative hearing held on April 16, 2010, and before the administrative law judge issued a decision, counsel for Shadle sent a letter to the administrative law judge stating that Shadle agreed to amend the alleged disability onset date to April 4, 2009.

---

1. The Bureau of Disability Determination is an agency of the Commonwealth of Pennsylvania which initially evaluates applications for disability insurance benefits and supplemental security income benefits on behalf of the Social Security Administration.

The administrative law judge then, on June 29, 2010, issued a decision which dismissed Shadle's request for a hearing on her application for disability insurance benefits[2] and granted her application for supplemental security income benefits. The administrative law judge in the decision stated that "[t]he component of the Social Security Administration responsible for authorizing supplemental security income will advise the claimant regarding the nondisability requirements for these payments and, if the claimant is eligible, the amount and the months for which payment will be made." (Plaintiff's Brief, Attachments, Doc. 7-1, p. 15). The administrative law judge also in that decision stated that "[t]he record shows that the claimant was fully advised of the consequences of her request, including dismissal of the request for hearing regarding her claim for a period of disability and disability insurance benefits[.]" Id., p. 10. Subsequently, it was determined that Shadle's spouse had income above $2000 per month which eliminated Shadle's eligibility for supplemental security income benefits.[3]

After discovering that she was not going to receive any benefits, Shadle attempted to reinstate her claim for disability insurance benefits. Shadle, in her brief, states that she filed with the administrative law judge on August 18, 2010, a request to reopen her disability insurance benefits case and reconsider the amendment of her alleged disability onset date. The request to

---

2. 20 C.F.R. § 404.957 states in relevant part as follows: "An administrative law judge may dismiss a request for a hearing under any of the following conditions: (a) At any time before notice of the hearing decision is mailed, you or a party or parties that requested the hearing ask to withdraw the request. This request may be submitted in writing to the administrative law judge or made orally at the hearing."

3. The administrative law judge found that Shadle could not perform her prior relevant work but that she had the residual functional capacity to engage in the full range of sedentary work as defined in 20 C.F.R. § 416.967(a). However, because Shadle was between the age of 49 and 55 she was considered an individual closely approaching advanced age under the Social Security regulations. Consequently, the administrative law judge found that based on her residual functional capacity, education, age and work experience under the Medical-Vocational Guidelines (20 C.F.R., Part 404, Subpart P, Appendix 2) she was automatically considered disabled. It appears that if the administrative law judge would have addressed Shadle's disability insurance benefits claim and found that she was disabled prior to her date last insured that under the Medical-Vocational Guidelines Shadle would have been automatically awarded disability insurance benefits.

reopen and reconsider filed with the administrative law judge is attached to Shadle's brief. Shadle states that the administrative law judge did not act on the request toreopen and reconsider. Shadle at the same time filed a request for review with the Appeals Council. The Appeals Council denied Shadle's request for review and notified Shadle that under the agency's rules she was not entitled to district court review of the administrative law judge's decision dismissing her request for a hearing on her claim for disability insurance benefits.

The Commissioner argues that "[b]ecause the ALJ dismissed [Shadle's] request for a hearing and the Appeals Council declined to review the Dismissal, there has been no 'final decision after a hearing' in this case pursuant to the [Social Security] Act" and, consequently, "the Court is without subject matter jurisdiction, and [the] matter should be dismissed." (Doc. 7, Defendant's Brief in Support of Motion to Dismiss, p. 2). The Commissioner, in footnote 2 of his supporting brief (Doc. 7), does appear to concede that where there is a colorable constitutional claim, judicial review is available with respect to the Commissioner's denial of a motion to reopen.

Shadle argues that the administrative law judge engaged in coercive conduct, i.e., putting pressure on Shadle to amend her alleged disability onset date, both at the administrative hearing and subsequent to that hearing. A document filed with the Appeals Council by Plaintiff's counsel Barbara L. Feudale, Esq., entitled "Request for Review of Hearing Decision/Order" and attached to Plaintiff's brief states in relevant part as follows:

> During her hearing in front of Administrative Law Judge McAdam, the Judge indicated to Mrs. Shadle that he did not believe that her ankle had been consistently impaired since her accident in December 2007. In fact, he indicated that her medical records showed that she had improved after her emergency surgery in December. The crux of this discussion was the fact that Mrs. Shadle had a date last insured of March 31, 2008. Therefore, the Administrative Law Judge wished her to amend her onset date from December 2007 until April of 2009, a point in time after her date last insured. Mrs. Shadle was nervous and upset and did not agree to amend her onset date at the time of the hearing. Instead, she chose to continue on with

4

> the hearing.
>
> Several weeks after the hearing, a staff member of the Administrative Law Judge McAdam contacted my office to again request that Mrs. Shadle amend her onset date from December 2007 until April 2009 which would end her claim to Title II benefits. In an attempt to make the right decision, I advised Mrs. Shadle to contact the local district office in Pottsville to determine what she would receive, if anything, including whether or not she would receive Medicaid, if she only pursued a Title XIV claim. A caseworker at the Pottsville District Office, Elsa, informed her, after evaluating all financial information, including her husband's pay stubs and bank statements, that she would receive roughly $674.00 per month as well as Medicaid. Being satisfied with this answer, Mrs. Shadle contacted me to approve the amendment of her onset date fearing that the Administrative Law Judge would deny her case completely if she didn't amend the onset date of disability.

Shadle may have been fully advised of the consequences of withdrawing her claim for disability insurance benefits including that her entitlement to supplemental security income benefits could not be determined until after the administrative law judge issued a decision and the agency reviewed her financial situation. However, the Court is unable to determine that she was appropriately advised or what pressure was put on Shadle at the administrative hearing because the Court does not have a transcript of the hearing. The absence of the complete administrative record prevents the Court from determining whether or not the administrative law judge engaged in inappropriate behavior, including if any inaccurate statements were made about the evidence which could have suggested to Shadle that the administrative law judge was inclined to rule against her with respect to her claim for disability insurance benefits. The Court cannot conclude that the administrative law judge's conduct at the hearing in conjunction with his post-hearing contact with Shadle's counsel through an individual working for him did not amount to a due process violation without first reviewing the entire administrative record.

Shadle is claiming that she was misled by the agency into believing that she would receive supplemental security income benefits and, as a result of that agency conduct, she withdrew her

claim for disability insurance benefits. She claims her due process rights were violated because of misrepresentations by agency personnel and that she was pressured by the administrative law judge to amend her alleged onset date and was not fully advised of the consequences of that withdrawal. Based on the record before the Court, Shadle's contentions cannot be resolved. An appropriate order follows.

**Date:** October 4, 2011

United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH A. SHADLE, | : |
| Plaintiff | : Civil Action No. 4:11-CV-657 |
| v. | : (Judge Nealon) |
| MICHAEL ASTRUE, COMMISSIONER OF SOCIAL SOCIAL SECURITY, | : |
| Defendant | : |

## ORDER

**AND NOW**, this 4th day of October, 2011, **IT IS HEREBY ORDERED THAT** the Court defers ruling on the Commissioner's motion to dismiss (Doc. 6) until the complete administrative record and the briefs of the parties are filed. The Clerk of Court will terminate the motion for statistical purposes.

[signature]
**United States District Judge**